UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD STEVENS LIBERATORE,

Plaintiff,

v.

COMPUTOR TOWN-TRANTULAS, et al.,

Defendants.

Case No. 18-cv-06579-RS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff fails to state any claim for relief in his amended complaint. Accordingly, this federal civil rights action is DISMISSED.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably

be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

    **i.    Original Complaint**

In his original complaint, plaintiff alleged that "state officers and their t[a]rantulas with their computers" were constantly watching and listening to him; attacking his body; and controlling his thoughts, memory, actions, and bodily functions. (Compl., Dkt. No. 1 at 3-13.) President Ronald Reagan initiated this surveillance and harassment, which has lasted for 36 years. (*Id.* at 3.)

These claims were dismissed with prejudice as irrational and wholly incredible. 28 U.S.C. § 1915A and 1915(e)(2); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (sections 1915A and 1915(e)(2) allows judges to dismiss claims whose factual contentions are clearly baseless). Plaintiff was told he could not raise these claims in his amended complaint.[1]

Plaintiff's other claims, which related to medical care and other matters, were dismissed with leave to amend because they were not clearly articulated.

    **ii.    First Amended Complaint**

The amended complaint is not an improvement. In contravention of the Court's clear instructions, plaintiff repeats his irrational claims that President Reagan initiated a decades-long surveillance of plaintiff, whose body and mind is being controlled by tarantulas. (Am. Compl., Dkt. No. 3 at 8.) He also alleges the tarantulas are "freezing" his

---

[1] The Court noted that plaintiff raised nearly identical claims in a lawsuit filed earlier this year. *Liberatore v. State of California*, 18-cv-01556-RS. The claims and suit were dismissed as frivolous. (*Id.*, Dkt. Nos. 7 and 8.)

1 television, thereby preventing him from watching his shows, and they are also ordering him to eat half his food. (*Id.* at 6, 7-8.)

He also alleges that in November 2018, he met with Beatty, a doctor at San Quentin, about his leg, which was injured by gunshot in 1993 and treated surgically then and again in 1997. He alleges Beatty has not "gotten back" to him about the possibility of having his leg straightened at the knee, in which position it has been frozen since it was injured and treated in the 1990s.

These allegations state a claim for negligence or gross negligence neither of which is actionable under section 1983. *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994). Among other missing details, plaintiff has not described what attempts he has made to reach Beatty since November 2018, nor has he described why any delay in additional surgery for his long-injured leg indicates Beatty was deliberately indifferent. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U. S. at 837 (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice. Because this dismissal is without prejudice, plaintiff may move to reopen. Any such motion must contain amended complaint that states claims for relief. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 20, 2019

_____
RICHARD SEEBORG
United States District Judge